FILED BY ___ D.C.

05 SEP -1 PM 5:08

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| **MICHAEL LUSTER,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 03-2244 Ma/An |
| | ) | |
| **MEMPHIS LANDINGS APARTMENTS, LP, and EQUITY RESIDENTIAL PROPERTIES MANAGEMENT CORPORATION,** | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

**ORDER DENYING DEFENDANTS' MOTION FOR JUDGMENT AS A MATTER OF LAW, OR, IN THE ALTERNATIVE, FOR A NEW TRIAL**

This case arises from the injury Michael Luster ("Luster") sustained after diving into the swimming pool at The Landings Apartments complex in Memphis, Tennessee. Luster brings a claim for negligence against defendants ML Tennessee Apartments, LP, and Equity Residential Properties Management Corporation (collectively the "Defendants").[1] Beginning on May 23, 2005, the court held a jury trial on Luster's negligence claim. The jury was charged on May 31, 2005, and returned a verdict on June 1, 2005, finding that Luster had sustained damages of $2,500,000.00, and that the Defendants were 55% at fault for Luster's injuries. Before the court is the Defendants' "Motion for Judgment as a Matter of Law,

---

[1] The Complaint also states a claim for negligence per se which was not pursued at trial.

This document entered on the docket sheet in compliance with Rule 58 and/or 79(a) FRCP on 9-7-05

109

or, in the Alternative, for a New Trial," filed on June 17, 2005. Luster filed a response on June 27, 2005. For the following reasons, the court DENIES the Defendants' motion.

## I. Jurisdiction

Luster is a resident of Tennessee. (Am. Compl. at ¶ 1.) Defendant ML Tennessee Apartments, LP, is a foreign limited partnership. (Id. at ¶ 4.) There is no evidence that any partner of ML Tennessee Apartments, LP, is a citizen of Tennessee. Equity Residential Properties Management Corporation is a foreign corporation with its principal place of business in Chicago, Illinois. (Id. at ¶ 6.)[2] Luster seeks over $30 million in damages. (Id., Relief at ¶ 3.) This court, therefore, has jurisdiction under 28 U.S.C. § 1332. The case arises from an injury Luster suffered at the Landings Apartments complex in Memphis, Tennessee. (Id. at ¶¶ 16, 19, 24.) Because the accident occurred in the Western District of Tennessee, venue is proper under 28 U.S.C. § 1391(a)(2).

## II. Background

The following evidence was adduced at trial. On the evening of April 28, 2002, Luster and his friends Monkell Bowen and Courtney Bowen were at the swimming pool of the Landings Apartments complex. The Landings Apartments were owned by ML Tennessee Apartments, LP, and managed by Equity Residential Property Management Corporation.

---

[2] The Amended Complaint names 10 defendants. All defendants except Equity Residential Properties Management Corporation and ML Tennessee Apartments, LP, were dismissed in an order entered on September 10, 2003.

2

Luster dove into the swimming pool and struck his head on the pool's bottom. Luster in now a quadriplegic.

The swimming pool is less than 4 feet deep and is surrounded by a fence. The fence gate was unlocked that night. The swimming pool has a north end and a south end. Luster sustained his injury in the south end of the pool. Shortly before diving into the south end, Luster had swum several laps across the north end.

Testimony that Luster gave during his deposition suggested that it was light outside when his accident occurred. At trial, Luster, Monkell Bowen and Courtney Bowen testified that it was dark when they were at the swimming pool. Luster's expert witness Thomas Ebro testified that at nighttime the artificial lighting around the swimming pool illuminates the pool deck with 0.1 foot-candles of light. Several witnesses testified that the swimming pool contains two underwater lights, at least one of which was not operating when the accident occurred.

The swimming pool had "no diving" and "pool regulations" signs. Luster did not read either sign. There were depth markings on the swimming pool deck and the walls of the pool indicating the depth of the water along the swimming pool's perimeter. Luster did not see the depth markings. Luster testified that the lighting was inadequate for him to see the warning signs or the depth markings.

Ebro testified that when a swimming pool is inadequately lit at night the chance that a serious accident will occur increases.

3

Ebro stated that, had the pool been better illuminated, the bottom, the depth markers and the warning signs would have been visible. In Ebro's opinion, the absence of adequate lighting made the swimming pool unsafe and, under these conditions, standard safety practices in the swimming pool industry would have been to close the swimming pool at night and lock the gate. Ebro also testified that, irrespective of the lighting conditions, the warning signs at the swimming pool were inadequate.

Luster testified that he had drunk two 16-oz. bottles of beer on the day of the accident and that he was not intoxicated or impaired by alcohol when the accident occurred. Monkell Bowen and Courtney Bowen testified that Luster did not appear intoxicated. The paramedics who arrived shortly after Luster's accident indicated on their incident report that Luster smelled strongly of alcohol. A blood analysis performed on April 28, 2002, at 10:11 p.m. showed that Luster's blood alcohol content ("BAC") was 0.20 gms/dl. The Defendants' expert Dr. David Stafford testified that a conscious individual with that BAC level would "exhibit some or all of the following symptoms: prolonged reaction time; impaired judgment in that the ability to make good and timely decisions is decreased, and the ability to judge things such as time, speed and orientation is diminished; impaired visual acuity; impaired auditory function; impaired fine and gross motor skills and adversely affected equilibrium, balance and gate [sic]."

4

### III. Choice of Law

A federal district court is required to apply the "choice of law" rules of the state in which it sits. <u>Klaxon Co. v. Stentor Elec. Mfg. Co.</u>, 313 U.S. 487, 496 (1941); <u>Cole v. Mileti</u>, 133 F.3d 433, 437 (6th Cir. 1998). "Otherwise the accident of diversity of citizenship would constantly disturb equal administration of justice in coordinate state and federal courts sitting side by side." <u>Klaxon</u>, 313 U.S. at 496. Therefore, this court must apply the Tennessee rule to determine which jurisdiction's law to apply.

For tort claims, Tennessee follows the "most significant relationship" rule, which provides that "the law of the state where the injury occurred will be applied unless some other state has a more significant relationship to the litigation." <u>Hataway v. McKinley</u>, 830 S.W.2d 53, 59 (Tenn. 1992). The injury occurred in Tennessee, and both parties assume that Tennessee law applies. No party alleges that another state has a more significant relationship. The court will, therefore, apply Tennessee law.

### IV. Standards

#### A. Renewed Judgment as a Matter of Law

Judgment as a matter of law is appropriate where "there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue." Fed. R. Civ. P. 50(a)(1). A motion for judgment as a matter of law may be renewed "no later than 10 days after entry of judgment."[3] Fed. R. Civ. P. 50(b). The question

---

[3] The renewed motion for judgment as a matter of law was formerly referred to as judgment notwithstanding the verdict ("JNOV").

5

is whether there is sufficient evidence to raise a question of fact for the jury. Hicks v. Frey, 992 F.2d 1450, 1456 (6th Cir. 1993). In deciding this issue, the court must view the evidence in the light most favorable to the nonmoving party, drawing all reasonable inferences in his favor. See id. "[T]he trial court may neither weigh the evidence, pass on the credibility of witnesses nor substitute its judgment for that of the jury." Ratliff v. Wellington Exempted Village Schs. Bd. of Ed., 820 F.2d 792, 795 (6th Cir. 1987).

### B. New Trial

Federal Rule of Civil Procedure 59(a)(1) provides for a new trial "in an action in which there has been a trial by jury, for any reasons for which new trials have heretofore been granted in actions at law in the courts of the United States." "Generally courts have interpreted this language to mean that a new trial is warranted when a jury has reached a 'seriously erroneous result' as evidenced by: (1) the verdict being against the weight of the evidence; (2) the damages being excessive; or (3) the trial being unfair to the moving party in some fashion …." Holmes v. City of Massillon, Ohio, 78 F.3d 1041, 1045-46 (6th Cir. 1996). When the moving party contends that the jury's verdict was against the weight of the evidence, the trial court should:

> compare the opposing proofs, weigh the evidence, and set aside the verdict if it is of the opinion that the verdict is against the clear weight of the evidence. It should deny the motion if the verdict is one which could reasonably have been reached, and the verdict should not be considered unreasonable simply because different inferences and conclusions could have been drawn or

6

because other results are more reasonable. Tobin v. Astra Pharm. Prods., Inc., 993 F.2d 528, 541-42 (6th Cir. 1993). "A court may not substitute its judgment for that of the jury...." Holloway v. Wal-Mart Stores, Inc., 909 F. Supp. 534, 536 (E.D. Tenn. 1995). The court must accept any reasonable verdict. Id.

**V. Analysis**

In Tennessee, a plaintiff may recover in a negligence action "so long as a plaintiff's negligence [is] less than the defendant's negligence...." McIntyre v. Balentine, 833 S.W.2d 52, 57 (Tenn. 1992). "[T]he fault apportionment question is ultimately dependent upon all the circumstances of the case; and juries will ... rely upon their common sense and ordinary experience in apportioning fault." Eaton v. McLain, 891 S.W.2d 587, 593 (Tenn. 1994). "In negligence cases, issues of proximate cause, intervening cause and contributory negligence are peculiarly issues for the trier of fact, not the court to determine. Such issues can only be decided by the court in cases where inferences from uncontroverted facts are so certain that all reasonable men, in the exercise of a free and impartial judgment, must agree upon them." Brookins v. The Round Table, Inc., 624 S.W.2d 547, 550 (Tenn. 1981); see also Eaton, 891 S.W.2d at 590; Doe v. Linder Const. Co., Inc., 845 S.W.2d 173, 187 (Tenn. 1992); Haga v. Blanc & West Lumber Co., Inc., 666 S.W.2d 61, 65 (Tenn. 1984); Frady v. Smith, 519 S.W.2d 584, 586 (Tenn. 1974).

The Defendants argue that judgment as a matter of law is

7

appropriate because there was insufficient evidence from which the jury could conclude that the Defendants were 55% at fault for Luster's injuries. (Defs.' Mem. in Supp. at 9.) The Defendants state that "uncontroverted proof" was presented at trial showing that Luster was intoxicated at the time of his injury and that his intoxication caused him to exercise poor judgment and dive into a pool of unknown depth. The Defendants also argue that, irrespective of Luster's level of intoxication, he was negligent in diving into a dark pool at night when he did not know the depth of the pool, could not see any warning signs, and could not see the pool bottom.

Luster argues that he presented sufficient evidence from which the jury could conclude that the Defendants were 55% at fault for his injuries. (Pl.'s Resp. at 2.) Luster has the better argument. Although evidence was presented at trial that showed Luster was negligent, there was also evidence that the defendants were negligent: the trial included evidence that it was dark at the time of the accident, the lighting at the pool was inadequate, the signs warning that the pool was shallow were inadequate, and that under the circumstances it would have been appropriate to close the pool after dark.

Further, there was evidence at trial that contradicts the crux of the Defendants argument: that Luster's intoxication caused his injuries. Luster testified that his judgment was not impaired by alcohol. Monkell Bowen and Courtney Bowen testified that Luster did not appear intoxicated. It is not the court's role to determine whether the evidence presented by the Defendants that Luster was

8

intoxicated, or the evidence presented by Luster that he was not intoxicated, deserves more credence. See Ratliff, 820 F.2d at 795 ("[T]he trial court may neither weigh the evidence, pass on the credibility of witnesses nor substitute its judgment for that of the jury.")

The court cannot say that there was no "legally sufficient evidentiary basis" for the jury to find that the Defendants were 55% at fault for Luster's injuries. That is particularly true given that the Tennessee Supreme Court has made clear that the apportionment of fault is "peculiarly" a question for the jury. Brookins, 624 S.W.2d at 550. Because there was sufficient evidence presented at trial to raise a question of fact for the jury, the Defendants renewed motion for judgment as a matter of law is denied.

The Defendants' argument in favor of their motion for a new trial mirrors their argument for judgment as a matter of law. A court may grant a motion for a new trial only if the verdict was not one that could reasonably have been reached based on the evidence presented. Tobin, 993 F.2d at 541-42. Evidence was presented at trial that both parties were at fault.

The court cannot say that the jury, after deliberating for a day, weighed the evidence of each party's negligence in an "unreasonable" manner. Although there was strong evidence that Luster was intoxicated, there was also strong evidence that the pool was lit in an unreasonably dangerous manner and that warning signs were inadequate. The jury's verdict finding that the

9

Defendants' negligence was slightly more to blame for the accident than the Plaintiff's negligence was reasonable, and the court must accept it. See Holloway, 909 F.Supp. at 536. Because this motion addresses the determination of comparative fault, it would be particularly inappropriate for the court to substitute its own judgment for that of the jury. See id.; Brookins, 624 S.W.2d at 550. Therefore, the Defendants' motion for a new trial is denied.

## VII. Conclusion

For the foregoing reasons, the Defendants' "Motion for Judgment as a Matter of Law, or, in the Alternative, for a New Trial" is DENIED.

So ORDERED this 1st day of September 2005.

/s/ Samuel H. Mays, Jr.

SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE

# UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 109 in case 2:03-CV-02244 was distributed by fax, mail, or direct printing on September 7, 2005 to the parties listed.

---

Thomas M. Gould
U.S. DISTRICT COURT
242 Federal Bldg.
167 No. Main St.
Memphis, TN 38103

Danese K. Banks
COCHRAN CHERRY GIVENS SMITH & BOLTON
One Commerce Square
Ste. 2600
Memphis, TN 38103

Jeffery S. Glatstein
SPICER FLYNN & RUDSTROM
80 Monroe Ave.
Ste. 500
Memphis, TN 38103--246

Y. Kevin Williams
WEINBERG WHEELER HUDGINS GUNN & DIALS, LLC
950 East Paces Ferry Road
Ste. 3000
Atlanta, GA 30326

Robert D. Flynn
SPICER FLYNN & RUDSTROM
80 Monroe Ave.
Ste. 500
Memphis, TN 38103

Christopher T. Byrd
WEINBERG WHEELER HUDGINS GUNN & DIAL, LLC
950 East Paces Ferry Road
Ste. 3000
Atlanta, GA 30326

Brian P. Strength
COCHRAN CHERRY GIVENS & SMITH
P.O. Box 830419
Tuskegee, AL 36083

Jock M. Smith
COCHRAN CHERRY GIVENS & SMITH
P.O. Box 830419
Tuskegee, AL 36083

Honorable Samuel Mays
US DISTRICT COURT